**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

BRENDA SNYDER,

                    Petitioner,

        - v -                                Civ. No. 9:13-CV-1041
                                                   (BKS/RFT)

SABINA KAPLAN,

                    Respondent.

**APPEARANCES:**                                  **OF COUNSEL:**

BRENDA SNYDER
*Pro se* Petitioner
01-G-0853
Bedford Hills Correctional Facility
247 Harris Road
Bedford Hills, NY 10507

HON. ERIC T. SCHNEIDERMAN          PAUL B. LYONS, ESQ.
Attorney General of the State of New York    Assistant Attorney General
Attorney for Respondent
The Capitol
Albany, NY 12224

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

## REPORT-RECOMMENDATION and ORDER

Petitioner Brenda Snyder seeks a Writ of *Habeas Corpus*, pursuant to 28 U.S.C. § 2254, on the grounds that 1) her attorney failed to produce medical witnesses on her behalf, 2) a witness lied on the stand, 3) multiple attorneys improperly appeared as the

prosecutor, and 4) hearsay evidence was admitted at trial in violation of her constitutional right to confront witnesses. *See generally* Dkt. No. 1, Pet.

## I. BACKGROUND

### A. Petitioner's Crime

Petitioner was convicted on July 30, 2001, in New York State, Franklin County Court, following a jury trial, of one count of Murder in the Second Degree, four counts of Assault in the First Degree, and eight counts of Reckless Endangerment in the First Degree. She was sentenced to an aggregate indeterminate term of imprisonment of fifty to life for intentionally suffocating her two small children for the purpose of collecting government benefits. *See* Dkt. No. 1-2, Pet'r's State Ct. Papers Part One at p. A1, Notice of Appeal, dated July 30, 2001.

### B. State Court Review

On May 12, 2004, Petitioner filed a motion in Franklin County Court, pursuant to N.Y. CRIM. PROC. LAW §§ 440.10, 440.20, 440.30, and 440.30(3), seeking to vacate the jury verdict, set aside the sentence, and dismiss the indictment on the grounds that (1) her trial counsel was ineffective, (2) an assistant attorney general led the prosecution instead of a Franklin County District Attorney, and 3) prosecutorial misconduct. Dkt. No. 15-1, R. Part 1 at pp. SR_021-22, Notice of Mot., dated May 12, 2004.

On January 5, 2005, the trial judge denied Petitioner's § 440.10 motion because (1) Petitioner's ineffective assistance claim was fully developed for appellate review and was without merit, (2) Petitioner's claim that an assistant attorney general was improperly assigned as the prosecutor was fully developed for appellate review, (3) Petitioner's allegation of prosecutorial misconduct was "speculative at best" and "unsupported by a sufficient factual basis." *See generally* Dkt. No. 16-1, R. Part 5 at p. SR_596, Dec. & Order, Jan. 5, 2005. Petitioner appealed her denial.[1]

On March 14, 2005, the Appellate Division, Third Department, granted Petitioner permission to appeal the County Court's January 5 Decision and Order, and consolidated her § 440 appeal with her appeal from the Judgment of Conviction.[2] Dkt. No. 16-1, R. Part 5 at pp. SR_622, App. Div. Order, Mar. 14, 2005.

In her consolidated Appellate Division brief, Petitioner argued that (1) hearsay evidence violated her right to confront witnesses, (2) that multiple attorneys improperly acted as prosecutors, (3) that the County Court erred in denying the § 440.10 motion without a hearing on her ineffective assistance claim, 4) that she should not have been convicted of depraved indifference murder because the evidence

---

[1] On February 8, 2005, Petitioner's counsel submitted an application to the Appellate Division for leave to appeal. *See* Dkt. No. 1-3, Pet'r's State Ct. Papers Part 2, Robin A. Forshaw Affirm. in Opp'n to Mot. for Leave to Appeal Denial of § 440.10 Mot., dated Feb. 22, 2005, at ¶ 1. Petitioner has not submitted a copy of her February 8 leave application. And, "Respondent . . . has been unable to obtain a copy of this leave application." Dkt. No. 13, Resp't's Mem. of Law, at p. 43.

[2] On July 30, 2001, Petitioner appealed her Judgment of Conviction. Dkt. No. 1-2, Pet'r's State Ct. Papers Part 1 at p. A1, Notice of Appeal, dated July 30, 2001.

presented was insufficient and against the weight of the evidence, and 5) the her sentence was harsh and excessive. Dkt. No. 16-1, R. Part 5 at p. SR_633, Pet'r's App. Div. Br., dated Aug. 2010.[3]

On January 26, 2012, the Appellate Division affirmed the Judgment of Conviction and the § 440.10 Order as it concluded that (1) the evidence submitted to demonstrate depraved indifference was legally sufficient and that the conviction was not against the weight of the evidence;[4] (2) Petitioner failed to preserve her argument at trial that Franklin County improperly delegated prosecutorial authority; (3) Petitioner failed to preserve her argument at trial that her constitutional right to confront was violated when medical records and expert testimony that relied on hearsay was admitted into evidence, and that such argument lacked merit; (4) Petitioner failed to preserve at trial her argument that she was denied a fair trial because certain witnesses were allowed access to the grand jury minutes and exhibits and that this argument has no merit because, at best, this "was harmless error in light of the overwhelming evidence of defendant's guilt"; (5) the County Court properly dismissed Petitioner's ineffective assistance claim without a hearing because the

---

[3] The exact date is unknown.

[4] The Appellate Division noted that "although defendant advances a variety of challenges to her convictions, her primary challenge on appeal relates to the legal sufficiency and weight of the evidence." *People v. Snyder*, 91 A.D.3d 1206, 1207 (3d Dep't 2012).

"massive trial record" was sufficient to determine whether counsel's performance was effective; (6) Petitioner's ineffective assistance claim had no merit because Petitioner failed to demonstrate the absence of strategic or other legitimate explanation for the alleged deficiencies at trial;[5] and (7) Petitioner's sentence was properly imposed. *See generally People v. Snyder*, 91 A.D.3d 1206 (3d Dep't 2012).

On March 2, 2012, Petitioner's counsel sought leave to appeal and raised the following issues to the Court of Appeals: (1) whether the evidence was legally sufficient to establish depraved-indifference murder, (2) whether the appearance by a district attorney from Onondaga County was "an error affecting the mode of [the] proceedings," (3) whether it was improper that an assistant attorney general represented the People on Petitioner's § 440.10 motion, (4) whether the verdict was against the weight of the evidence, and (5) to determine whether the introduction of hearsay evidence violated Petitioner's constitutional right to confront witnesses. Dkt. No. 16-5, R. Part 9 at pp. SR_1574-76, Pet'r's Ct. Appeals Leave Appl., dated Mar. 2, 2012.

On June 29, 2012, the Court of Appeals denied Petitioner leave to appeal. *People v. Snyder*, 19 N.Y.3d 968 (2012). On December 10, 2012, the United States

---

[5] The Appellate Division found that trial counsel's affidavit "amply" demonstrated that he "considered presenting the testimony of a myriad of experts and made reasonable strategic decisions not to do so on the basis that he felt it would be damaging to defendant's case." *People v. Snyder*, 91 A.D.3d at 1214.

Supreme Court denied Petitioner's request for a Writ of *Certiorari*. Dkt. No. 16-5, R. Part 9 at p. SR_1585, Supreme Ct. Lt., dated Dec. 10, 2012.

## II. DISCUSSION

### A. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996) ("AEDPA"), a federal court may not grant habeas relief to a state prisoner on a claim unless the state court adjudicated the merits of the claim and such adjudication either

> 1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> 2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d); *see also Hawkins v. Costello*, 460 F.3d 238, 242 (2d Cir. 2006).

The petitioner bears the burden of proving by a preponderance of the evidence that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Jones v. Vacco,* 126 F.3d 408, 415 (2d Cir. 1997); *Rivera v. New York*, 2003 WL 22234697, at *3 (S.D.N.Y. Aug. 28, 2003). The AEDPA also requires that "a determination of a factual issue made by a State court shall be presumed to be correct [and t]he applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. §

2254(e)(1); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005); *Boyette v. LeFevre*, 246 F.3d 76, 88 (2d Cir. 2001) (quoting § 2254(e)(1)) (internal quotations omitted).

The Second Circuit has provided additional guidance concerning application of this test, noting that:

> [u]nder AEDPA, we ask three questions to determine whether a federal court may grant habeas relief: 1) Was the principle of Supreme Court case law relied upon in the habeas petition "clearly established" when the state court ruled? 2) If so, was the state court's decision "contrary to" that established Supreme Court precedent? 3) If not, did the state court's decision constitute an "unreasonable application" of that principle?

*Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Williams v. Taylor*, 529 U.S. 362 (2000) and *Francis S. v. Stone*, 221 F.3d 100, 108-09 (2d Cir. 2000)).

### B. Exhaustion

Prior to seeking federal *habeas* relief, a petitioner must exhaust available state remedies, or demonstrate that there is either an absence of available state remedies or that such remedies cannot adequately protect petitioner's rights.[6] *Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001) (quoting 28 U.S.C. § 2254(b)(1)); *Ellman v. Davis*, 42 F.3d 144, 147 (2d Cir. 1994). This exhaustion requirement recognizes "respect for

---

[6] 28 U.S.C. § 2254(b) and (c) provide, in part, as follows:

(b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that: (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant. . . .

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

our dual judicial system and concern for harmonious relations between the two adjudicatory institutions." *Daye v. Attorney Gen. of New York*, 696 F.2d 186, 191 (2d Cir. 1982). Though both federal and state courts are charged with securing a state criminal defendant's federal rights, the state courts must initially be given the opportunity to consider and correct any violations of federal law. *Id.* "The chief purposes of the exhaustion doctrine would be frustrated if the federal habeas court were to rule on a claim whose fundamental legal basis was substantially different from that asserted in state court." *Glover v. Bennett*, 1998 WL 278272, at *1 (N.D.N.Y. May 21, 1998) (quoting *Daye v. Attorney Gen. of New York*, 696 F.2d at 192).[7]

This exhaustion requirement is satisfied if the federal claim has been "fairly presented" to the state courts. *See Dorsey v. Kelly*, 112 F.3d 50, 52 (2d Cir. 1997) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971)). A claim has been "fairly presented" if the state courts are apprised of "both the factual and the legal premises of the claim [the petitioner] asserts in federal court." *Daye v. Attorney Gen. of New York*, 696 F.2d at 191; *Morales v. Miller*, 41 F. Supp. 2d 364, 374 (E.D.N.Y. 1999). "Although the petitioner need not have cited 'book and verse on the federal constitution,' he must have articulated 'the substantial equivalent' of the federal habeas claim." *Colon v. Artuz*, 174 F. Supp. 2d 108, 114 (S.D.N.Y. 2001) (quoting

---

[7] Since AEDPA's restriction on federal habeas power was premised upon the duty of state courts to uphold the Constitution and faithfully apply federal laws, the AEDPA's review standards apply only to federal claims which have been actually adjudicated on the merits in the state court. *Washington v. Shriver*, 255 F.3d 45, 62 (2d Cir. 2001).

*Picard v. Connor*, 404 U.S. at 278); *see also Daye v. Attorney Gen. of New York*, 696 F.2d at 194. Thus, "the nature or presentation of the claim must have been likely to alert the court to the claim's federal nature." *Daye v. Attorney Gen. of New York*, 696 F.2d at 192; *Morales v. Miller*, 41 F. Supp. 2d at 374. In addition, in order for a petitioner to properly exhaust his or her claim, he or she "must give the state courts *one full opportunity* to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"; this includes presenting "both the factual and legal premise of the federal claims ultimately asserted in the [federal] habeas petition" to the New York Court of Appeals. *Galdemez v. Keane*, 394 F.3d 68 (2d Cir. 2005) (emphasis in original) (quoting *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999)).

### 1. Unexhausted Claims

#### *i. Witness Lied*

Here, Petitioner's claim that witness Pamela Marshall lied on the stand is unexhausted because Petitioner did not raise this claim in the state courts. Moreover, this claim does not present a constitutional clam, thus, it is incognizable on federal *habeas*.

### ii. *Ineffective Assistance*

Although Petitioner presented her ineffective assistance claim[8] to the Appellate Division and the trial judge, *via* a § 440.10 motion, Petitioner failed to present this issue to the Court of Appeals. Because Petitioner has failed to present this issue to the New York State's highest court, this claim is unexhausted. *See Jordan v. Lefevre*, 206 F.3d 196, 198 (2d Cir. 2000) (claims are not fairly presented to the Court of Appeals when a petitioner argues one claim at length while only making a passing reference to other claims).

However, this claim is deemed exhausted because Petitioner is barred from presenting this issue to the Court of Appeals and is barred from seeking collateral review because she already raised it in a previous § 440.10 motion and the Appellate Division addressed this issue on the merits. *Bossett v. Walker*, 41 F.3d 825, 829 (2d Cir. 1994) (citing to N.Y. Ct. Rules § 500.10[9] for the proposition that a petitioner's failure to raise issues before the Court of Appeals precludes further consideration in the New York courts when that petitioner already made the one request for leave to appeal to which he is entitled ); N.Y. CRIM. PROC. LAW § 440.10(2)(a) (motion will be denied if the issue was "previously determined on the merits upon an appeal"). To

---

[8] This claim is based on her trial counsel's decision to not present medical experts on her behalf.

[9] It should be noted that this section is typically cited as § 500.10(a) in various cases.

deem a claim exhausted is a "cold comfort to most petitioners because it has been held that when 'the petitioner failed to exhaust state remedies and the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred,' federal habeas courts also must deem the claim procedurally defaulted." *Aparicio v. Artuz*, 269 F.3d at 90 (quoting *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991)). A court's review of the substance of a procedurally defaulted claim is conditioned upon a petitioner demonstrating cause for the default and resulting prejudice, or presenting evidence to show that he is "actually innocent" of the crime of which he was found guilty.[10] *Coleman v. Thompson*, 501 U.S. at 748; *Ramirez v. Attorney Gen. of State of New York*, 280 F.3d 87, 94 (2d Cir. 2001); *Fama v. Comm'r of Corr. Servs.*, 235 F.3d 804, 809 (2d Cir. 2000) (citing *Coleman*); *King v. Greiner*, 210 F. Supp. 2d 177, 182 (E.D.N.Y. 2002) (stating the court is precluded from considering unexhausted claims "unless petitioner can establish cause to excuse the default and prejudice, or actual innocence").

To establish legal cause for a procedural default, a petitioner must show that some objective external factor impeded his or her ability to comply with New York's procedural rules. *Murray v. Carrier*, 477 U.S. 478, 488 (1986); *Restrepo v. Kelly*, 178

---

[10] This final exception, however, is intended for the "extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *see also Lebron v. Mann*, 40 F.3d 561, 564 (2d Cir. 1994).

F.3d 634, 638 (2d Cir. 1999). Examples of external factors include interference by officials, ineffective assistance of counsel, or that "the factual or legal basis for a claim was not reasonably available" at trial nor on direct appeal. *Murray v. Carrier*, 477 U.S. at 488. Attorney ignorance or inadvertence is not cause, however, since the attorney is considered the petitioner's agent when acting, or failing to act, in furtherance of the litigation, the petitioner must "bear the risk of attorney error." *Coleman v. Thompson*, 501 U.S. at 753 (quoting *Murray v. Carrier*, 477 U.S. at 488).

Here, Petitioner has not stated a reason for the procedural default. Since she has not establish cause for the procedural default, this Court need not decide whether she also suffered actual prejudice because federal *habeas* relief is unavailable for a procedurally defaulted claim, unless both cause and prejudice are demonstrated. *See, e.g.*, *Stepney v. Lopes*, 760 F.2d 40, 45 (2d Cir. 1985); *Pou v. Keane*, 977 F. Supp. 577, 581 (N.D.N.Y. 1997) (Kahn, J.) (citing *Stepney*). In addition, since Petitioner has not established that she is actually innocent of any of the crimes of which she was convicted of, the Court recommends that the Petition be **denied** with respect to Petitioner's ineffective assistance claim.

## 2. Exhausted Claims

### i. Hearsay Evidence

It is undisputed that Petitioner exhausted her claim that her constitutional right

to confrontation was violated by the admission into evidence of certain medical records and expert testimony that relied on hearsay. Dkt. No. 13, Resp't Mem. of Law at p. 47. However, because the Appellate Division relied on a independent and adequate state ground, this Court is procedurally barred from reviewing this claim on the merits.[11]

The Appellate Division found that Petitioner "failed to preserve her argument that her constitutional right to confrontation was violated . . . as she did not raise this constitutional objection at trial[]. Additionally, such argument is, in any event, without merit." *People v. Snyder*, 91 A.D.3d at 1214. Thus, the Appellate Division's invocation of the procedural bar constitutes an "independent" state ground. *Garcia v. Lewis*, 188 F.3d 71, 77 (2d Cir. 1999) (citing *Harris v. Reed*, 489 U.S. 255, 263 (1989)). Additionally, this procedural rule is "adequate" as it is "firmly established and regularly followed" by the state in question. *Garcia v. Lewis*, 188 F.3d at 77 (citing *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991)). This Circuit has noted a long line of New York cases where the Appellate Division refused to review the merits of

---

[11] The Court finds that the Appellate Division plainly stated that it was relying on the state rule in denying Petitioner's hearsay claim. This is distinct from the line of cases where "it fairly appears that the state court rested its decision primarily on federal law." *Harris v. Reed*, 489 U.S. 255, 262 (1989) (quoting *Michigan v. Long*, 463 U.S. 1032, 1042 (1983). To be sure, the fact that the Appellate Division asserts, as an alternative holding, that Petitioner's claim is "without merit" does not vitiate the Appellate Division's reliance on a state procedural rule to bar Petitioner's claim. *See, e.g.,* Coleman v. Thompson, 501 U.S. 722, 733, (1991) (holding modified by *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) on other grounds).

a criminal defendant's claim of constitutional error for his or her failure to comply with the contemporaneous objection rule.[12] *Garcia v. Lewis*, 188 F.3d at 78-79 (collecting cases). As a result, New York's contemporaneous objection has been applied evenhandedly and thus cannot be said to be inadequate. *Id.* Thus, this claim is procedurally barred on independent and adequate state law grounds.

Where a state prisoner is procedurally barred due to an independent and adequate state procedural rule, federal *habeas* is barred unless Petitioner can demonstrate cause for the default and actual prejudice, or demonstrate that he is actually innocent. *Coleman v. Thompson*, 501 U.S. at 750.

Here, Petitioner has not stated a reason for not raising this issue at the trial level, thus, she has not established cause for her procedural default. As a result, this Court need not decide whether she also suffered actual prejudice. *See, e.g.*, *Stepney v. Lopes*, 760 F.2d at 45; *Pou v. Keane*, 977 F. Supp. at 581 (citing *Stepney*). In addition, as previously stated, Petitioner has not established that she is actually innocent of any of the crimes of which she was convicted of, thus, the Court recommends that the Petition be **denied** with respect to Petitioner's hearsay claim.

---

[12] The New York Court has explained, "a question of law will be considered preserved for appellate review when it is interjected at the fact-finding level in such a manner and at such a time as to fairly apprise the court and the opposing party of the nature and scope of the matter contested." *Garcia v. Lewis*, 188 F.3d 71,78 (2d Cir. 1999) (quoting *People v. Jones,* 81 A.D.2d 22, 41–42, (2d Dep't 1981)).

### ii. *Multiple Attorneys Improperly Appearing as the Prosecutor*

Here, Petitioner raised her "surrogate prosecutor" claim to the trial judge, Appellate Division, and Court of Appeals.[13] In her § 440.10 motion, she argued that her prosecution "was led and conducted by an assistant attorney general from Erie County, New York, who acted without the requisite authorization from the Governor of this state. Dkt. No. 15-1, R. Part 1 at p. SR_022, Notice of Mot., dated May 12, 2004. On appeal, she presented the following question to the Appellate Division: "Both the Onondaga County District Attorney and an Assistant Attorney General appeared at trial to represent the Franklin County District Attorney's Office. Then, on the CPL 440.10 motion, another Assistant Attorney General submitted papers instead of the Franklin County District Attorney's office. Did these attorneys' lack of authority to prosecute violate the organization of the court or mode of proceedings prescribed by law?" R. Part 5 at p. SR_633, Pet'r's App. Div. Br. In that same brief, Petitioner further argued that the assistance Franklin County received from various assistant attorney generals in prosecuting her case exceeded County Law § 703. *Id.* at p. SR_659. In her leave application to the Court of Appeals, under a heading

---

[13] The gravamen of Petitioner's "surrogate prosecutor" claim is the allegation that "prosecutorial authority unraveled" when multiple attorneys appeared with the prosecutor or acted as the prosecutor in Petitioner's criminal case. In support of this claim, Petitioner states that "[t]his misuse led to other abuses, including improper disclosure of grand jury testimony." Dkt. No. 1, Pet., at Ground Three. Petitioner does not provide any other facts relating to this alleged improper disclosure of grand jury testimony. Instead, Petitioner provides more facts and context for her claim that multiple attorneys appeared on the behalf of the prosecution. In addition, Petitioner entitled her claim, "Use of Multiple Attorney's as Surrogate Prosecutor's in the Proceedings." For this reason, the Court does not find that Petitioner's fleeting one liner raises another ground in the Petition.

entitled "Appearance by prosecutor from another county," Petitioner argued that, "[w]hile an Assistant Attorney General was appointed to assist the Franklin County District Attorney's Office, there was no reason or legal authority for William J. Fitzpatrick, District Attorney of Onondaga County, to appear at trial . . . [and] defense submits that this constitutes an error affecting the mode of proceedings." R. Part 9 at p. SR_1575, Pet'r's Ct. Appeals Leave Appl. The Court finds that Petitioner may have exhausted her claim that multiple attorneys improperly assisted or led the prosecution in her case in violation of state law and/or against the "mode of proceedings." In any event, because this argument is focused on violation(s) of state law, this Court is precluded from reviewing the substance of this claim. *Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("Today, we reemphasize that it is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States.") (citing 28 U.S.C. § 2241) (omitting other citations). Thus, the Court recommends that the Petition be **denied** with respect to this claim.

## III. CONCLUSION

For the reasons stated herein, it is hereby

**RECOMMENDED**, that the Petition be **DENIED in its entirety** (Dkt. No. 1); and it is further

**RECOMMENDED**, that because the Court finds Petitioner has not made a "substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2), no certificate of appealability should issue with respect to any of Petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) ("A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."); *see also Lucidore v. New York State Div. of Parole*, 209 F.3d 107, 112 (2d Cir. 2000), *cert. denied* 531 U.S. 873 (2000); and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the parties to this action.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R.

Civ. P. 72 & 6(a).

Date: July 15, 2015
      Albany, New York

Randolph F. Treece
U.S. Magistrate Judge